UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TRINA BURRAGE-SIMON,<br><br>                    Plaintiff(s),<br><br>vs.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>                    Defendant(s). | Case No. 2:14-cv-00429-GMN-NJK<br><br>ORDER |

Pending before the Court are two orders for attorney Leslie Stovall to show cause why he should not be sanctioned, why he should not be referred to the State Bar for potential disciplinary proceedings, and why the Court should not initiate criminal contempt proceedings. Docket Nos. 34, 36. Mr. Stovall has filed responses to those orders. Docket Nos. 35, 39. For the reasons discussed more fully below, the Court hereby **SANCTIONS** Mr. Stovall in a court fine of $2,000. The Court also **ORDERS** Mr. Stovall to complete an ethics-based continuing legal education course and read Special Order No. 109 in its entirety, no later than October 30, 2015. In all other respects, the orders to show cause are hereby **DISCHARGED**.

I.   **FACTUAL BACKGROUND**

On March 25, 2015, Chief United States District Judge Gloria M. Navarro referred this matter to the undersigned for a settlement conference. Docket No. 24. On March 26, 2015, the undersigned set a settlement conference to commence at 10:00 a.m. on July 22, 2015. *See* Docket No. 25. In the order setting the settlement conference, the Court made clear that "[a]ll counsel of record who will be participating in trial" must attend. *Id.* at 1. As such, the date of the settlement conference and the

required attendance for the settlement conference had both been clear for nearly four months before the settlement conference.

When the Court reviewed Plaintiff's settlement brief, it nonetheless appeared that no counsel of record would be attending the settlement conference on her behalf, let alone the counsel of record who would be participating in trial. Instead, the settlement statement indicated that Plaintiff would participate with a junior associate who is not counsel of record. As such, the Court ordered Plaintiff to file a notice indicating whether her counsel of record who will be participating in trial would be attending. *See* Docket No. 30. Plaintiff subsequently filed a notice that her attorney of record (Leslie Mark Stovall) had a scheduling conflict arising from a hearing set in state court, and notifying the Court that "he will be in attendance at the settlement conference after he has finished his hearing." Docket No. 31.[1] The Court then issued an order requiring Mr. Stovall to appear as ordered:

> The Court hereby **ORDERS** Mr. Stovall to appear for the settlement conference at 10:00 a.m. tomorrow as ordered in Docket No. 25. To the extent Mr. Stovall has created conflicting duties for himself, he should make arrangements to either seek a continuance of the state court hearing or have another attorney handle that hearing.

*See* Docket No. 32. The Court warned that the "**FAILURE TO COMPLY WITH THIS ORDER MAY RESULT IN THE COURT VACATING THE SETTLEMENT CONFERENCE AND ISSUING AN ORDER TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED**." *Id.* (emphasis in original). Mr. Stovall did not appear as ordered.

Faced with a violation of its clear orders, the Court then issued an order for Mr. Stovall to show cause why he should not be sanctioned. Docket No. 34. Mr. Stovall responded to the order to show cause by "admit[ting] to willful violation of the court's order of March 26, 2015." Docket No. 35 at 2; *see also id.* at 7 ("Respondent deeply regrets the willful violation of the Court's March 26, 2015 order"). Mr. Stovall further noted that he "understood at the time that his decision to participate in the evidentiary hearing [in state court rather complying with this Court's order] would subject him to sanctions." *Id.* at 7.

---

[1] It appears that the state court hearing was set on May 21, 2015. *See* Docket No. 35-1; *see also* Docket No. 35 at 5.

Mr. Stovall's acknowledgment that he made a conscious decision to willfully violate a court order prompted the Court to issue a further order for him to show cause why a heftier court fine should not be imposed, why he should not be held in criminal contempt, and why he should not be referred to the State Bar. Docket No. 36 at 3 (noting that Mr. Stovall's admitted misconduct is "the very definition of contempt and to leave such misconduct unpunished with appropriate sanctions would risk jeopardizing the integrity of the Court"). The Court has now received Mr. Stovall's response, in which he proffers various excuses for his misconduct. Docket No. 39. The Court will address that response in detail below.

## II.   STANDARDS

Orders are not suggestions or recommendations, they are directives with which compliance is mandatory. *See, e.g.*, *Chapman v. Pacific Tel. & Tel. Co.*, 613 F.2d 193, 197 (9th Cir. 1979); *see also Weddell v. Stewart*, 261 P.3d 1080, 1085 & n.9 (Nev. 2011). There are several sources of legal authority by which federal courts enforce their orders. Most pertinent here, Rule 16(f) requires compliance with any "scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C). Rule 16(f) also expressly provides for the imposition of sanctions when attorneys fail to appear at a court-ordered conference. Fed. R. Civ. P. 16(f)(1)(A). Hence, when an attorney fails to comply with an order to appear at settlement conference, Rule 16(f) is triggered. *See, e.g.*, *Ayers v. City of Richmond*, 895 F.2d 1267, 1270 (9th Cir. 1990). The Local Rules in this District reinforce Rule 16(f) and expand its scope by requiring compliance "with any order of this Court." Local Rule IA 4-1(d).

Rule 16(f) is "broadly remedial and its purpose is to encourage forceful judicial management." *Sherman v. United States*, 801 F.2d 1133, 1135 (9th Cir. 1986) (per curiam).[2] Rule 16(f) applies regardless of whether the non-compliance with the court order was intentional, *see, e.g.*, *Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc.*, 275 F.3d 762, 769 (9th Cir. 2001), and regardless of whether the non-compliance was in bad faith, *see, e.g.*, *Martin Family Trust v. Heco/Nostalgia Enters. Co.*, 186 F.R.D. 601, 604 (E.D. Cal. 1999).

---

[2] The Court herein focuses its attention on Rule 16(f), but sanctions are being imposed on Mr. Stovall pursuant to both Rule 16(f) and Local Rule IA 4-1(d).

When a court determines that Rule 16(f) has been violated, it has broad discretion in fashioning an appropriate sanction. *See, e.g.*, *Official Airline Guides, Inc. v. Goss*, 6 F.3d 1385, 1397 (9th Cir. 1993); *see also* Local Rule IA 4-1 (the Court may impose "any and all appropriate sanctions on an attorney" who violates any order without just cause). Violations of orders are "neither technical nor trivial," *Martin Family Trust*, 186 F.R.D. at 603, and can have severe ramifications. Rule 16(f) itself provides that courts may issue "any just orders," including those authorized by Rule 37(b)(2)(A)(ii)-(vii), which include the initiation of contempt proceedings and entry of case-dispositive sanctions. *See* Fed. R. Civ. P. 16(f)(1). While not expressly enumerated, the imposition of court fines is within the scope of the "just orders" permitted by Rule 16(f). *See, e.g., Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 595-96 (8th Cir. 2001). In determining the appropriate sanction, a primary objective is to deter similar misconduct. *See, e.g.*, *Martin Family Trust*, 186 F.R.D. at 604.

The fact that a case has been dismissed does not impact a court's ability to rule on an earlier-issued order to show cause. "It is well established that a federal court may consider collateral issues after an action is no longer pending." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990). Even after judgment is entered, courts retain jurisdiction to impose sanctions for previous misconduct in the case pursuant to Rule16(f) and Local Rule IA 4-1. *See, e.g.*, *Maui One Excavating*, 2013 WL 1908328, at *2 (citing *United Energy Owners Comm. v. U.S. Energy Mgmt. Sys., Inc.*, 837 F.2d 356, 358 (9th Cir. 1988)).

**III.    ANALYSIS**

The Court is faced with an unusual situation. On the one hand, Mr. Stovall has admitted both that he willfully disobeyed a court order and that the imposition of sanctions is proper. Docket No. 35 at 2, 7; *see also* Docket No. 39 at 4. On the other hand, Mr. Stovall throws the proverbial kitchen sink at the Court with excuses that he believes should "mitigate" the sanctions imposed, ranging from his busy schedule attending to other matters, his assistant's vacation schedule, and the fact that his associate told him the Court "wanted" him to attend the settlement conference but neglected to mention that the Court "ordered" him to attend. *See, e.g.*, Docket No. 39. For the reasons discussed below, the Court does not find Mr. Stovall's excuses provide a reasonable justification for Mr. Stovall's non-compliance.

1  Nonetheless, the Court declines to impose the most significant sanctions currently before the Court
2  (criminal contempt and referral to the Nevada State Bar).

3     A.    PREVIOUS NON-COMPLIANCE

4     Mr. Stovall contends that he has violated at least six similar orders in other cases without the
5  imposition of sanctions and implicitly argues that his prior non-compliance is a valid justification for
6  his current non-compliance. According to Mr. Stovall, his prior experience "lead [sic] him to believe
7  that the attendance of an associate attorney at the July 22, 2015 settlement conference would satisfy the
8  court's March 22, 2015 [sic] order." Docket No. 39 at 5; *see also id.* at 6 (making similar statement).
9  The Court does not find Mr. Stovall's assertion of confusion to be credible. He has already repeatedly
10 admitted to willfully violating the Court's attendance requirements as outlined in that order. *E.g.*,
11 Docket No. 35 at 2 (under heading of "**I. ADMISSION OF VIOLATION**," asserting that "Respondent
12 admits to willful violation of the court's order of March 26, 2015 requiring 'all counsel who will be
13 participating in trial' to appear at the settlement conference" (emphasis in original)); *id.* at 7
14 ("Respondent deeply regrets the willful violation of the Court's March 26, 2015 order"); Docket No. 39
15 at 4 (in section with heading "**WILLFUL VIOLATION OF MARCH 26, 2015 ORDER**," Mr. Stovall
16 states "Respondent has admitted a willful violation of the March 26, 2015 order" (emphasis in original)).
17 Mr. Stovall further acknowledges that he understood <u>at the time of his decision</u> not to attend the
18 settlement conference that he was subjecting himself to sanctions. *See* Docket No. 35 at 7 (asserting that
19 he "understood at the time that this decision to participate in the evidentiary hearing [in state court rather
20 than appearing as ordered for the settlement conference] would subject him to sanctions"). There simply
21 was no confusion here. By definition, his admission to a "willful" violation means that he understood
22 that his attendance was required but nonetheless made a deliberate and voluntary choice to disobey a
23 court order. *Cf.* BLACK'S LAW DICTIONARY (7th ed.) (defining "willful" as "voluntary and intentional").
24 Hence, regardless of any past cases in which Mr. Stovall did not appear at a settlement conference as
25 ordered, he knew he was required to attend the settlement conference in this case.

26    Second, Mr. Stovall points to another settlement conference held by the undersigned in asserting
27 that the Court has previously condoned his misconduct. *See, e.g.*, Docket No. 35 at 6 (discussing *Kelly*
28 *v. Target Corporation*, Case No. 2:13-cv-01859-KJD-NJK). Mr. Stovall is correct that he did not appear

at the settlement conference ordered in that case and that the undersigned did not exercise her discretion to sanction him for that non-compliance. But the circumstances of that settlement conference were strikingly different. First, the junior associate did not attend the settlement conference alone, but instead was accompanied by a more seasoned attorney. *See Kelly v. Target Corporation*, Case No. 2:13-cv-01859-KJD-NJK, Docket No. 35 (October 15, 2014) (noting attendance by additional attorney who had been admitted to practice for more than eight years according to bar records); *see also White v. Martel*, 601 F.3d 882, 885 (9th Cir. 2010) (court may take judicial notice of state bar records). Second, that case did not include an explicit order for Mr. Stovall himself to appear at the settlement conference, unlike this case. *Compare with* Docket No. 32 at 2 ("The Court hereby **ORDERS** Mr. Stovall to appear for the settlement conference at 10:00 a.m. tomorrow as ordered in Docket No. 25").

Lastly, the entire premise of Mr. Stovall's position is faulty. Where a particular violation is widespread and has previously gone unpunished, courts may certainly take that into consideration in deciding whether to impose sanctions and, if so, in deciding which sanctions should be imposed. *See, e.g.*, *Dela Rosa v. Scottsdale Memorial Health Sys., Inc.*, 136 F.3d 1241, 1243 (9th Cir. 1998) (declining to impose monetary sanctions given that conduct was widespread and generally went unpunished). Nonetheless, the mere fact that similar misconduct has gone unpunished is not a license for attorneys to continue to engage in the same misconduct without fear of sanction. *Cf. Martin Family Trust*, 186 F.R.D. at 602 (acknowledging that failing to timely file status reports in compliance with the scheduling order was a "recurring problem" among attorneys, and then sanctioning attorney). That is especially true when the attorney commits that misconduct with heedless indifference or with full knowledge that his conduct is improper. *See Dela Rosa*, 136 F.3d at 1243 n. 1; *see also Kano v. National Consumer Co-Op Bank*, 22 F.3d 899, 899-90 (9th Cir. 1994) (where attorney knowingly violated line-spacing requirements, imposing sanction of $1,500 court fine). In this case, Mr. Stovall made a conscious decision to willfully violate a court order with full knowledge that doing so subjected him to sanctions. Docket No. 35 at 7.

Regardless of whether his past misconduct resulted in a sanction, the Court finds sanctions appropriate here. At the same time, the Court declines to impose the harshest sanctions of criminal contempt and referral to the Nevada State Bar.

B. FAILURE TO REVIEW ORDERS AND REVIEW ELECTRONIC NOTICES

Mr. Stovall next attempts to lay blame on his staff for not fully informing him of the filings and orders in this case. In particular, Mr. Stovall asserts that he made a decision not to review his emails during the period leading up to the settlement conference because he was busy working on another matter, his assistant was on a three-week vacation, his associate filed documents without his review, and his associate failed to properly inform him of the full contents of filings and court orders. *See* Docket No. 39 at 1-4. Mr. Stovall further confirms that he was generally aware of the issuance of at least one of the minute orders regarding his attendance in the days leading up to the settlement conference, but that he did not read it or bother to review the docket. *See id.* at 2-3. He also indicates that his associate told him on July 22, 2015, that "[t]he Court wants you to attend the settlement conference" but that he did not do so because, *inter alia*, he was unaware that a written order to that effect had been issued. *See id.* at 3. The Court finds these excuses less than compelling.

As an initial matter, Mr. Stovall admitted that he knew that the order at Docket No. 25 was issued, that his compliance was required by that order, and that he willfully disobeyed it. Docket No. 35 at 2, 7. Accordingly, his complaints regarding his staff with respect to later developments are in large part not pertinent.

Moreover, such contentions do not insulate an attorney from the consequences of failing to comply with court orders. "Ultimately, attorneys are responsible for maintaining their CM/ECF accounts and for reviewing and responding to court orders." *Garcia v. Geico Cas. Co.*, 2015 U.S. Dist. Lexis 2155, *9 (D. Nev. Jan. 6, 2015) (fining attorneys $7,500 for failing to comply with court orders despite their assertions that their staff failed to properly notify them of the orders). The Court is unclear how Mr. Stovall expected to be able to fulfill his duties as an attorney when his representations are that his assistant checks his emails, that she was on a prolonged vacation, and that he was not checking his emails during this period. Taking his contentions as true, electronic notices sent to him during this time simply entered a black hole.

Nor are Mr. Stovall's attempts to blame his associate compelling. Again taking Mr. Stovall's representations as true, his associate advised him on several occasions that the Court "wanted to know who was attending the settlement conference" and "wants you to attend the settlement conference." *See*

Docket No. 39 at 2-3. Mr. Stovall bemoans that this associate did not fully inform him of the contents (or existence) of orders to that effect, but Mr. Stovall decided to simply bury his head in the sand and did not conduct even a cursory review of the docket to inquire as to the status of the case. That conduct does not comport with an attorney's obligations to respond to court orders. Indeed, despite focusing on staffing issues in responding to the second order to show cause, Mr. Stovall candidly acknowledges that "his failure to read or be aware of the court's July 21, 2015 orders is [not] an excuse for non-compliance." Docket No. 39 at 4. The Court agrees that it is not a valid justification.

Mr. Stovall's failure to take his responsibilities seriously are confirmed by his failure to review the docket *even after issuance of the first order to show cause*. That order to show cause very clearly indicated that Mr. Stovall violated a direct order specifying by name that he had to attend the settlement conference. *See* Docket No. 34 (discussing and quoting from order at Docket No. 32). After issuance of the second order to show cause, Mr. Stovall represented that he responded to the first order to show cause without reviewing that order at Docket No. 32, or the Court's minute order at Docket No. 30, or his associate's filing (using Mr. Stovall's CM/ECF account) at Docket No. 31. *See* Docket No. 39 at 4 ("Respondent did not review Document Nos. 30, 31 or 32 prior to preparing his response to [the] order to show cause").[3]

C.   SANCTION

In short, what is plain here is that Mr. Stovall knew that he was required to appear at the settlement conference but made a deliberate decision to willfully violate that order and face whatever sanctions would be meted out. Docket No. 35 at 2, 7. He continued down that path even after the state

---

[3] Mr. Stovall also makes note of the fact that the associate in question had been filing documents in the case. That associate had never filed a notice of appearance, however, and was apparently filing documents under Mr. Stovall's CM/ECF account. *See* Docket No. 39 at 4-5. Indeed, Mr. Stovall elsewhere indicates that documents were being filed using his CM/ECF login information without him reviewing them or having any knowledge of their existence. *See* Docket No. 39 at 2 (referring to Docket No. 31, which was filed using the CM/ECF account of "Leslie Stovall"). Mr. Stovall fails to explain why he believes it is proper to apparently give attorneys in his office *carte blanche* authorization to file documents using his CM/ECF account. *Cf.* Special Order No. 109 at ¶ 5 ("The filing of a document through the use of an authorized user's User Log-In and Password shall constitute the 'signature' of the attorney for purposes of Fed. R. Civ. P. 11").

court judge holding the conflicting hearing offered to continue her hearing. *See, e.g.*, Docket No. 35 at 5. Mr. Stovall now provides extensive discussion apparently in an attempt to explain why he believed that state court hearing to be more important to him and his law firm. *See* Docket No. 35 at 2-5. The Court can only infer that Mr. Stovall concluded that the inconvenience of complying with this Court's orders was outweighed by his desire to tend to what he deemed to be more important matters. *See id.* at 5.

As noted above, the Court declines to impose the most serious sanctions at hand given the circumstances. Nonetheless, the Court finds Mr. Stovall's misconduct merits the imposition of sanctions. In light of the willful nature of his violation and the wasted judicial resources caused by his non-compliance, the Court finds that a court fine of $2,000 is appropriate. The Court believes this fine does not fully reflect the effect of Mr. Stovall's misconduct on either the integrity of the Court's docket or the sanctity of Rule 16 and Local Rule IA 4-1. Nonetheless, in this instance, the Court believes the sanction is sufficient to deter similar misconduct. The Court also orders Mr. Stovall to complete an ethics-based continuing legal education course and to read Special Order No. 109 no later than October 30, 2015, and to file a declaration of compliance by that date.

## IV. CONCLUSION

For the reasons discussed more fully above, the Court hereby **SANCTIONS** Mr. Stovall in a court fine of $2,000. This sanction is imposed pursuant to both Rule 16(f) and Local Rule IA 4-1(d). This sanction is to be paid personally by Mr. Stovall and shall not be passed on in any way to his client. Payment of the court fine shall be made to the "Clerk, U.S. District Court" no later than September 22, 2015. The Court also **ORDERS** Mr. Stovall to complete an ethics-based continuing legal education course and read Special Order No. 109 in its entirety, no later than October 30, 2015, and to file a declaration of compliance by that date. In all other respects, the orders to show cause are hereby **DISCHARGED**.

IT IS SO ORDERED.

DATED: September 8, 2015

_____
NANCY J. KOPPE
United States Magistrate Judge